UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ESTRELLA INSURANCE, INC., a Florida
Corporation,

    Plaintiff,

vs.

ADHARMONICS, INC., a Delaware
Corporation,

    Defendant,
_____/

## COMPLAINT
## FOR DAMAGES AND INJUNTIVE RELEIF

The Plaintiff, Estrella Insurance, Inc. ("Plaintiff"), by and through undersigned counsel, hereby files its Complaint against the Defendant, Adharmonics, Inc. ("Defendant"), and in support thereof states as follows:

### I. INTRODUCTION

1. Plaintiff seeks redress for willful and systematic violation of its trademark rights by Defendant, which operates a web based business intended to generate leads for various types of businesses throughout the country. The Defendant achieves this end by willfully and improperly usurping Plaintiff's name and registered trademark, and goodwill associated therewith. On information and belief, Defendant has purchased "Estrella Insurance" as a search term from various internet search engines in order to trigger sponsored links to its own website sureinsure.com. Plaintiff has no affiliation with Defendant and Defendant has used Estrella Insurance without requesting or obtaining Defendant's consent. Defendant's willful, improper and infringing conduct has caused damage to Plaintiff.

### II. PARTIES

2.   Plaintiff, Estrella Insurance, Inc., is a Florida corporation, with its principal place of business in Miami-Dade County, Florida.

3.   Defendant, Adharmonics, Inc., is a Delaware corporation with its principal place of business in Massachusetts.

### III.   JURISDICTION AND VENUE

4.   Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1338. In addition, supplemental jurisdiction over related state law claims is conferred upon this Court by 28 U.S.C. §1367(a).

5.   Venue is proper in this jurisdiction district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is subject to personal jurisdiction in this district pursuant to 28 U.S.C. §1391(c). Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the actions and/or omissions giving rise to the claims in this action occurred in this district.

6.   This Court has personal jurisdiction over Defendant pursuant to §§ 48.193(1), (2), and (6)(a), Fla. Stat. because this action arises out of Defendant's business activities in Florida which caused damage to Plaintiff. Specifically, Defendant targets individuals purchasing insurance in the State of Florida.

7.   By intentionally using Plaintiff's registered service mark and goodwill, Defendant's conduct is intended to cause harm to Plaintiff, a corporation which does significant business in the State of Florida.

8.   By using Plaintiff's service mark with the purpose of conducting business in the State of Florida, Defendant has purposefully availed itself of the privileges of conducting

business in the State of Florida, and, when engaging in such conduct, should reasonably have perceived that it would be subjected to this Court's jurisdiction.

## IV. GENERAL ALLEGATIONS

9. Plaintiff is a privately owned insurance agency established in 1980 and offers a wide variety of insurance coverage including, but not limited to, automobile, home, boat and motorcycle.

10. Over the course of the past 35 years, Plaintiff has built a brand name and reputation in the State of Florida.

11. The word mark "Estrella Insurance" is registered with the United States Patent and Trademark Office and is identified as U.S. Trademark Reg. No. 2,064,814 ("Service Mark"). Plaintiff is the owner of the Service Mark.

12. Plaintiff or its affiliated companies have been the owner of the Service Mark since March 26, 1996.

13. Plaintiff has developed substantial goodwill and public recognition as a result of its continuous use of the Service Mark.

14. Plaintiff's Service Mark is famous and is widely recognized by the general consuming public.

15. The term "Estrella" without being followed by the term "Insurance" is widely recognized and associated with Plaintiff in the State of Florida.

16. Plaintiff displays the Service Mark throughout its website and uses the term "Estrella Insurance" to distinguish itself from other insurance agencies.

17. As a result of Plaintiff's reputation and investment in its brand, Plaintiff has become a leading brand in the insurance industry throughout the State of Florida.

18. Plaintiff has invested substantial time, effort and money in promotion and protection of its name and Service Mark.

19. Defendant generates leads and/or directs consumer's attention to competing insurance agencies and insurance companies using the Estrella Insurance Service Mark.

20. Upon information and belief, insurance companies pay a fee to Defendant in exchange for appearing on their website and for the leads generated.

21. If a consumer types "Estrella Insurance", the Service Mark, into a Google search, Google will return, as a paid advertisement, Defendant's website with the Service Mark in the description or hyperlink field. A true and correct copy of the first page of the Google search results for "Estrella Insurance" is attached hereto as Exhibit **A**.

22. Consumers seeking insurance from Plaintiff are likely to click the number one result due to the use of the Service Mark in the description or hyperlink fields.

23. Clicking through Defendant's website does not lead to the ability to get to the Plaintiff's website or purchase insurance from Plaintiff.

24. In order to generate leads for insurance companies and insurance agencies, Defendant has used and continues to use Plaintiff's name and its Service Mark without Plaintiff's permission.

25. Defendant does not direct consumers to Plaintiff's website nor does Defendant sell leads to Plaintiff.

26. Defendant's website requires consumers to enter data which is valuable to insurance companies and insurance agencies due to the nature of the data and the likelihood that the consumer is interested in purchasing insurance.

27. Defendant's website does not offer insurance but rather collects the consumer information and directs consumers to different insurance providers' websites, each of which is a direct competitor of Plaintiff.

28. From a consumer's perspective, Defendant's website creates no value and could cause a substantial amount of frustration and loss of time.

29. Plaintiff has not authorized Defendant to use or display Plaintiff's name or Service Mark on its website.

## COUNT I
## TRADEMARK OR SERVICE MARK INFRINGEMENT (15 U.S.C. §1114)

30. Plaintiff readopts and realleges the allegations set forth in paragraphs 1-29 herein.

31. The Service Mark, which is used in connection with Plaintiff's insurance agency has been, and will continue to be, known throughout the State of Florida as identifying Plaintiff's business.

32. Defendant's use of the Service Mark without the consent of Plaintiff has and is likely to continue to cause confusion among ordinary purchasers of insurance.

33. Through the use of the Service Mark, Defendant has been able to successfully divert consumers to its website. At the time of clicking Defendant's website, consumers are of the belief that they are directing their attention to a website run by Plaintiff. Instead, consumers see Plaintiff's name on a website controlled by the Defendant.

34. Upon arriving at Defendant's website, consumers are asked to put in pertinent information that is used to generate qualified leads for Plaintiff's competitors. Consumers are then given the option to continue on to Plaintiff's competitor's websites.

35. Plaintiff has been damaged and continues to be damaged due to Defendant's infringement of the Service Mark.

36. If permitted to continue, Defendant's actions will nullify Plaintiff's right to the exclusive use of its Service Mark, free from infringement, and will have a substantial adverse effect on Plaintiff's existing and projected insurance business.

37. Defendant has profited and unless its conduct is enjoined, Plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by monetary damages.

38. Defendant's business model is designed to deceive or confuse consumers and profit from that confusion.

39. Pursuant to 15 U.S.C. §§ 1114, 1116, and 1117 Plaintiff is entitled to injunctive relief, treble damages, and reasonable attorney's fees.

WHEREFORE, Plaintiff, Estrella Insurance, Inc., respectfully requests this Court enter a Judgment in its favor for treble damages, injunctive relief, court costs, reasonable attorney's fees, other reimbursable expenses, and such further relief as this Court deems just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION (15 U.S.C. §1125(a))

40. Plaintiff readopts and realleges the allegations set forth in paragraphs 1-29 herein.

41. Plaintiff's Service Mark is famous and is widely recognized by the general consuming public.

42. Defendant's activities constitute false designation of origin, false or misleading descriptions of fact, false or misleading representations of fact and false advertising in commerce in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), because it has misled and is likely to continue to mislead the public into believing that Defendant's services originate from and are affiliated, sponsored, authorized, approved or sanctioned by Plaintiff.

43. Defendant uses Plaintiff's Service Mark and the term "Estrella" to cause confusion as to the entity providing services to the consumer.

44. Defendant's acts of false designation of origin, false representation and false advertising have caused Plaintiff to sustain monetary damages, loss and injury.

45. Defendant's acts of false designation of origin, false representation and false advertising, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage and losses for which there is no adequate remedy at law.

WHEREFORE, Plaintiff, Estrella Insurance, Inc., respectfully requests this Court enter a Judgment in its favor for damages, injunctive relief, court costs, reasonable attorney's fees, other reimbursable expenses, and such further relief as this Court deems just and proper.

## COUNT III
## DILUTION (15 U.S.C. §1125(c))

46. Plaintiff readopts and realleges the allegations set forth in paragraphs 1-29 herein.

47. Through consistent and continued use, advertisements, marketing and consumer and industry recognition, Plaintiff has developed the Service Mark and the term "Estrella" to the point where each are famous.

48. In an attempt to avoid direct Trademark Infringement, Defendant uses the term "Estrella Auto Insurance" on its website. A true and correct copy of Defendant's website is attached hereto as Exhibit **B**.

49. Defendant did not begin using the Service Mark, "Estrella" or "Estrella Auto Insurance" until after those marks and terms became famous and synonymous with Plaintiff.

50. Defendant has used the Service Mark and "Estrella" to capitalize and take advantage of the goodwill and reputation of the Plaintiff, and by doing so has and continues to dilute the strength of the Service Mark and Plaintiff's brand.

51. Defendant's use of "Estrella Auto Insurance" rather than "Estrella Insurance" dilutes Plaintiff's brand by blurring the distinction between Plaintiff's Service Mark and the term used by Defendant.

52. Defendant's website also suggests that it will provide a savings of up to 50% on car insurance and that a free quote will be provided by Plaintiff. These promises on the face of Defendant's website are false and misleading and further dilute Plaintiff's brand.

53. Once the Service Mark is used to lure people to Defendant's website, "Estrella Auto Insurance" is used to create the confusion that services provided by Defendant's website are actually being provided by Plaintiff, which is in fact false.

54. Defendant's website requires consumers to put information that is vital to insurance companies into various input fields. This process is tedious and is immediately associated with Plaintiff's brand.

55. At the end of the tedious process, Defendant does not offer anything of value but rather directs the consumer to Plaintiff's competitor's websites where the consumer will then start the entry of data all over again.

56. By confusing consumers, Defendant is diluting the value of Plaintiff's brand.

57. As a direct and proximate result of Defendant's violations of 15 U.S.C. §1125(c), Plaintiff will continue to be damaged.

58. Upon information and belief Defendant has realized, and continues to realize, substantial revenues, profits and other benefits which rightfully belong to Plaintiff as a result of Defendant's wrongful conduct.

59. Defendant's conduct is causing and will continue to cause Plaintiff to suffer irreparable harm and, unless Defendant is restrained, Plaintiff will continue to be damaged, because it has no adequate remedy at law.

60. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to treble damages, costs and attorney fees

WHEREFORE, Plaintiff, Estrella Insurance, Inc., respectfully requests this Court enter a Judgment in its favor for treble damages, injunctive relief, court costs, reasonable attorney's fees, other reimbursable expenses, and such further relief as this Court deems just and proper.

## COUNT IV
## CYBERPIRACY PREVENTION (15 U.S.C. §1125(d))

61. Plaintiff readopts and realleges the allegations set forth in paragraphs 1-29 herein.

62. Defendant owns and/or controls the domain name https://estrella.sureinsure.com/ ("Domain Name").

63. The Domain Name is owned and/or controlled in bad faith in an attempt to divert consumers from Plaintiff's website to its own and thereby profit.

64. Given Plaintiff's brand recognition in the State of Florida, the term "Estrella" without the term "Insurance" immediately following has become synonymous with Plaintiff.

65. The Domain Name causes confusion among consumers.

66. Defendant's continued use of the Domain Name causes damage to Plaintiff and Plaintiff's goodwill.

67. Such damage will continue until Defendant is ordered to forfeit or cancel the Domain Name and/or ordered to transfer the Domain Name to Plaintiff.

68. Pursuant to 15 U.S.C. § 1125, Plaintiff is entitled to injunctive relief and damages.

69. Defendant's dilution of Plaintiff's brand causes irreparable damages, and continuous injury to Plaintiff for which there is no adequate remedy at law.

WHEREFORE, Plaintiff, Estrella Insurance, Inc., respectfully requests this Court enter a Judgment in its favor for damages, injunctive relief, court costs, reasonable attorney's fees, other reimbursable expenses, and such further relief as this Court deems just and proper.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

70. Plaintiff readopts and realleges the allegations set forth in paragraphs 1-29 herein.

71. Plaintiff's ownership and use of the Service Mark predates the use by Defendant of the Service Mark.

72. Defendant's use in commerce of the Service Mark constitutes common law trademark infringement in that it is without Plaintiff's consent and has created actual confusion, and is likely to continue to create confusion as to the provider of services.

73. As a direct and proximate result of Defendant's common law trademark infringement, Plaintiff has been damaged and will continue to be damaged.

74. Upon information and belief, Defendant has realized, and continues to realize, substantial revenues, profits and other benefits rightfully belonging to Plaintiff as a result of Defendant's infringement.

75. Defendant's actions have caused dilution to Plaintiff's brand and have hurt Plaintiff's ability to attract customers.

76. Defendant's actions have had, and will continue to have, the effect of nullifying Plaintiff's right to exclusive use of its Service Mark free from infringement.

77. Plaintiff seeks actual damages as well as disgorgement of Defendant's profits from the use of Plaintiff's Service Mark.

78. Defendant's conduct has injured Plaintiff's reputation and goodwill both of which will continue to suffer irreparable harm that cannot adequately be calculated or compensated by monetary damages.

79. Plaintiff seeks injunctive relief preventing Defendant from using Plaintiff's Service Mark or any marks confusingly similar to the Service Mark or Plaintiff's name.

WHEREFORE, Plaintiff, Estrella Insurance, Inc., respectfully requests this Court enter a Judgment in its favor for damages, injunctive relief, court costs, reasonable attorney's fees, other reimbursable expenses, and such further relief as this Court deems just and proper.

## COUNT V
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (§ 501.201, Fla. Stat.)

80. Plaintiff readopts and realleges the allegations set forth in paragraphs 1-29 herein.

81. Defendant's engagement in trademark infringement as alleged in Count I herein, constitutes an unfair and deceptive trade practice and thereby violates the Florida Deceptive and Unfair Trade Practices Act.

82. Plaintiff was aggrieved by Defendant's conduct because consumers were, and continue to be, misled and deceived.

83. Defendant is the direct and proximate cause of Plaintiff's damages.

84. The Defendant's infringement and use of the name "Estrella" in connection with the alleged sale of insurance in the State of Florida has diluted Plaintiff's brand, has caused substantial harm to Plaintiff's business, reputation and goodwill, and has caused actual damages to Plaintiff.

85. Plaintiff is entitled to attorney's fees pursuant to §501.2105, Fla. Stat.

WHEREFORE, Plaintiff, Estrella Insurance, Inc., respectfully requests this Court enter a Judgment in its favor for damages, injunctive relief, court costs, reasonable attorney's fees, other reimbursable expenses, and such further relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Estrella Insurance, Inc., requests entry of judgment and an order in its favor against Defendant, Adharmonics, Inc., on all claims as follows:

a. For a preliminary and thereafter permanent injunction against the Defendant and its agents, servants, employees and attorneys and those persons acting in concert or participation with them who receive actual notice of the Order by personal service or otherwise:

   i. Restraining the Defendant from using "Estrella Insurance" whether capitalized, abbreviated, printed, stylized or in any combination with any word or words, and whether used in caption, text, orally or otherwise;

   ii. Restraining the Defendant from using the word "Estrella" as it relates to insurance offerings or otherwise;

   iii. Restraining the Defendant from using "Estrella Insurance" or any other mark or designation confusingly similar thereto or a colorable imitation thereof in connection with the promotion, advertising or offering of insurance;

   iv. Restraining the Defendant from using "Estrella" or any combination of words including Estrella Insurance as a search term;

  v. Restraining the Defendant from using the website and Domain Name https://estrella.sureinsure.com;

b. Finding that the Defendant has directly infringed the Plaintiff's Service Mark in violation of 15 U.S.C §1125(a);

c. Finding that the Defendant's infringement of Plaintiff's Service Mark and trade name was willful, intentional, wanton and malicious;

d. Permanently enjoining the Defendant, its agents, servants, employees and participants from directly infringing and from inducing infringement of the trade names and Service Marks and any other confusingly similar marks of Plaintiff;

e. Ordering the Defendant to cancel all contracts and/or arrangements that it has with search engines to use the term "Estrella" or "Estrella Insurance" as a search term;

f. Finding that the Defendant violated 15 U.S.C §1125(d) and ordering the Defendant to cancel and forfeit the Domain Name or alternatively ordering it to transfer such Domain Name to the Plaintiff

g. Finding that the case is "exceptional" within the meaning of 15 U.S.C. §1117;

h. Awarding the Plaintiff the damages to which it is entitled due to the Defendant's actions and infringement and trebling such damages for the deliberate and willful nature of the infringement, and awarding pre and post-judgment interest thereon;

i. Finding that the amount of damages awarded or recovered based on profits and damages is inadequate and awarding Plaintiff three times such damages pursuant to 15 U.S.C. §1117(a);

j. Alternatively, due to Defendant's violation of 15 U.S.C §1125(d), awarding Plaintiff statutory damages in the amount of $100,000.00;

k. Awarding the Plaintiff its costs and expenses herein and its reasonable attorney's fees under 15 U.S.C. §1117;

l. Finding that the Defendant has committed acts of deceit in violation of the Florida Deceptive and Unfair Trade Practices Act;

m. Finding that the Defendant diluted Plaintiff's brand pursuant to 15 U.S.C. 1125(c);

n. Awarding the Plaintiff the damages to which it is entitled due to the Defendant's infringement and dilution of Plaintiff's Service Mark and brand;

o. Ordering an equitable accounting to determine the Defendant's profits resulting from its acts of trademark or service mark infringement, dilution, and unfair practices;

p. Awarding attorney's fees and reasonable costs pursuant to §501.2105, Fla. Stat.;

q. Ordering the Defendant to remove the words "Estrella" and "Estrella Insurance" from its website or affiliated websites;

r. Directing the Defendant to file with the Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which the Defendant has complied with the injunction.

## JURY TRIAL DEMAND

The Plaintiff Demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of July, 2014

                              **Marin, Eljaiek & Lopez, P.L.**
                              2601 South Bayshore Drive – Suite 850
                              Coconut Grove, Florida 33133
                              Telephone No. (305) 444-5969
                              Facsimile No. (305) 444-1939
                              Primary Email: Eservice@mellawyers.com
                              Secondary:    lp@mellawyers.com
                                                          es@mellawyers.com

                              By: _____
                                  Anthony M. Lopez, Esq.
                                  Florida Bar No. 13685
                                  Eric J. Strauss, Esq.
                                  Florida Bar No. 100043